IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HEATHER AUSTIN, | : |
| | : Case No. 2:20-cv-03846-ALM-KAJ |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| MAYFLOWER MOVING GROUP, LLC | : |
| d/b/a CH GLOBAL PARTNERS, *et al.*, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff Heather Austin's Motions for Default Judgment against Defendants Mayflower Moving Group, LLC d/b/a CH Global Partners ("Mayflower") and Valiant Movers Inc. ("Valiant")[1]. (ECF Nos. 20, 28, 29). For the following reasons, Plaintiff's Motions are **GRANTED IN PART** and **DENIED IN PART**. Additionally, the Court **GRANTS** Ms. Austin's request for a damages hearing.

**I. BACKGROUND**

In November 2018, Ms. Austin decided to move her personal belongings from California to Ohio, so that she could care for a terminally ill parent. (ECF No. 1 ¶ 14–15). She turned to Defendant Mayflower to help carry out her move. (*Id.* ¶ 16). Mayflower offered Ms. Austin a moving agreement in which it a guaranteed price of $3,612.51 to move her personal belongings to Ohio. (*Id.* ¶ 18). The offer required her to pay $1,570.92 down, with the remainder due on delivery. (*Id.*). Mayflower also promised that it would use a crew of no less than two movers, and that it

---

[1] Ms. Austin originally brought this suit against several Defendants, but she has since dropped all Defendants from this suit, except for Defendants Mayflower and Valiant. As a result, Count Thirteen of the Complaint, is no longer at issue.

would not move her items in the rain. (*Id.*). Based on Mayflower's statements, Ms. Austin accepted this offer on November 28, 2018 and paid a $1,570.92 deposit. (*Id.* ¶ 19). Contrary to the agreement, on the day of the move (November 27, 2020), a single representative of Mayflower and/or Valiant came to handle the move. (*Id.* ¶ 20). That individual also determined that Ms. Austin's property was heavier than reported and requested an additional payment despite the agreed-upon estimate. (*Id.*). When Ms. Austin's friend, who was present to facilitate the move, refused to make an additional payment, Defendants took possession of her property and refused to deliver it to Ohio. (*Id.* ¶ 21). Representatives of Mayflower and/or Valiant continued to request additional payments from Ms. Austin while they possessed her belongings. (*Id.* ¶¶ 23–27).

Ms. Austin ultimately paid the amounts in excess of the initial agreement, for a total of $5,341.84. (*Id.* ¶ 31). Despite these additional payments, Defendants still did not deliver the property to Ohio. Instead, on or around December 6, 2020, they left her belongings on her friend's yard, in California, which resulted in damage to her personal property. (*Id.* ¶ 28). Ms. Austin hired another moving company to deliver her property to Columbus and paid them $3,352.00. (*Id.* ¶ 33).

Ms. Austin sent Defendants a demand letter seeking reimbursement for her damages and losses on July 15, 2020. (*Id.* ¶ 34). In the letter, she asserted damages totaling $15,487.84. (ECF No. 1-2). Counsel for D. United denied that it had provided any services to Ms. Austin.[2] (ECF No. 1 ¶ 35). None of the other Defendants responded. (*Id.*).

On July 31, 2020, Ms. Austin filed a Complaint in this Court against Defendants, alleging violations of 49 U.S.C. §§ 13901 *et seq.*, 49 U.S.C. §§ 14701 *et seq.*, and the related regulations in 49 C.F.R. pts. 371 and 375. Ms. Austin alleged these violations caused loss and damage to her personal property during an interstate move from California to Ohio. She also brought related state

---

[2] D. United was terminated as a Defendant in this action on January 8, 2021).

2

law claims for unjust enrichment, fraud, and intentional infliction of emotional distress. Defendants have not participated in any part of this litigation, resulting in entries of default against them on December 21, 2020. (EFC Nos. 26, 27). Ms. Austin now moves for default judgment and requests a hearing to determine damages.

## II. LAW & ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55. The now defaulting party is considered to have admitted all the well-pleaded allegations relating to liability, but not to damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug.23, 2010)).

An entry of default does not automatically entitle the plaintiff to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-CV-740, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The party who sought the default must show the court that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, *1 (S.D. Ohio July 15, 2019) (quoting *Said v. SBS Elecs., Inc.*, No. 1:08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed

material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). If the Court finds default judgment proper, it may conduct a hearing to determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). The Court is not, however, required to do so. *See id.* ("The court *may* conduct hearings . . . [to] determine the amount of damages.").

Here, Ms. Austin argues that this Court should enter default judgment against Defendants since they have not disputed the facts, pleaded additional facts, or otherwise appeared in this action. (ECF Nos. 20, 28, 29). Given the facts of this case, the Court finds the risk of prejudice to Plaintiff, the lack of disputed facts, and the lack of excusable neglect weigh in favor of granting default judgment. This Court, accepting all the well-pleaded allegations as true, will address the merits and sufficiency of Ms. Austin's claims and request for a damages hearing in turn.

### A. Counts One through Twelve: Code Violations

For ease of analysis, this Court elects to consider Counts One through Twelve together. In Counts One through Twelve Plaintiff alleges that Defendants actions violated 49 U.S.C. §§ 13901 *et seq.*, 49 U.S.C. §§ 14701 *et seq.*, and related regulations in 49 C.F.R. pts. 371 and 375. Ms. Austin also alleges Mayflower alone violated 49 C.F.R. §§ 371.111 and 371.109 in Counts Eleven and Twelve. These counts all pertain allegations that Defendants violated the rules and regulations of the Federal Motor Carrier Safety Administration ("FMCSA"). Taking the facts stated in the Complaint as true, the Court finds Ms. Austin has shown that Defendants are liable for the violations under these codes and regulations. In each of these Counts, Plaintiff states facts that demonstrate clear violations of the respective codes. (*See* EFC No. 1 at 9–19). Since this Court accepts the facts in the Complaint as true and uncontested, the Court finds that Ms. Austin has

sufficiently alleged the code and regulation violations earlier mentioned and **GRANTS** Ms. Austin's motion on these Counts.

### B. Count Fourteen: Unjust Enrichment

Second, Ms. Austin alleges a claim of unjust enrichment against Defendants. This Court finds that Ms. Austin has not shown that Defendants are liable for this claim. A plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject. *Lehmkuhl v. ECR Corp.*, 2008-Ohio-6295, at * 5 (Ohio Ct. App. 5th Dist.). Assent to the terms contained in an offer creates an express contract. *Sabin v. Graves*, 86 Ohio App. 3d 628, 633, 621 N.E.2d 748, 751 (6th Dist. 1993). Ms. Austin states that an express contract was formed when she accepted Mayflower's offer to move her belongings for $4,612.51, and she remitted a $1,570.92 down payment. (EFC No. 1 at 5). These undisputed facts allow the Court to conclude that there a binding agreement was formed, subject to the terms expressed by Mayflower. Accordingly, Ms. Austin cannot prevail on a claim of unjust enrichment against Defendants—this Court hereby **DENIES** Plaintiff's motion on Count Fourteen.

### C. Count Fifteen: Fraud in the Inducement

Next, Ms. Austin alleges a claim for fraud in the inducement against Defendant Mayflower. To bring a successful fraud in the inducement claim, Ms. Austin must show: "(1) that the defendant made a knowing, material misrepresentation, (2) with the intent of inducing the plaintiff's reliance, and (3) the plaintiff relied upon that misrepresentation to her detriment." *ABM Farms v. Woods*, 81 Ohio St.3d 498, 692 N.E.2d 574, 578 (Ohio 1998); *Carter v. LL&B Headwater II, LP*, No. 2:16-cv-1162, 2017 WL 4270503, at *5 (S.D. Ohio Sept. 26, 2017). As this Court has stated, default judgment is proper only if a plaintiff has sufficiently pleaded the claim. Where,

however, fraud is at issue, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(B).

In the case sub judice, Ms. Austin states that Mayflower made several false representations in the initial November 2018 agreement, including: (1) that Mayflower and/or its carriers would transport the property from California to Ohio; (2) that Mayflower would transport the property for the price quoted; and (3) that Mayflower and its carriers were registered with the FMCSA and were authorized and able to operate in this industry. (EFC No. 1 at 21). Ms. Austin also alleges that each of these false representations was made with knowledge of the falsity. (*Id.*). Finally, Ms. Austin states that she relied on the misrepresentations to her detriment. (*Id.*). Accepting these allegations as true, the Court finds that Plaintiff has sufficiently pleaded a claim for fraud in the inducement with particularity. Thus, this Court **GRANTS** Ms. Austin's motion on Count Fifteen. *See Lopez v. Quezada*, 2014-Ohio-367, at *8 (Oh. Ct. App. 10th Dist.) (reversing the trial court's decision to grant default judgment on a fraud in the inducement claim because the plaintiff did not state with particularity the circumstances constituting fraud).

### D.  Count Sixteen: Intentional Inflection of Emotional Distress

Finally, Ms. Austin alleges a claim for intentional inflection of emotional distress. Under Ohio law, to state a claim for intentional inflection of emotional distress, a plaintiff must allege that: (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was outrageous and extreme, beyond all possible bounds of decency; (3) the defendant's conduct was the proximate cause of the plaintiff's injury; and (4) the plaintiff's emotional distress was serious and of such nature that no reasonable person could be expected to endure it. *Hockenberry v. Village of Carrollton*, 110 F. Supp. 2d 597, 603 (N.D. Ohio 2000) (applying Ohio law).

Ms. Austin states that Defendants' actions caused emotional distress throughout her Complaint, but she does not support this claim with specific factual allegations. (*See* EFC No. 1). This Court finds that the facts as stated do not constitute an intentional inflection of emotional distress claim under Ohio law. While Ms. Austin's allegations show wrongdoing on the part of the Defendants, she has not pleaded facts that demonstrate Defendants' actions rose to the difficult-to-meet standard for establishing intentional infliction of emotional distress.[3] Accordingly, the Court **DENIES** Ms. Austin's Motion on Count Sixteen. *See Hockenberry*, 110 F. Supp. 2d 597, 605 (2000) (finding for defendant where plaintiff failed to provide any specific evidence of emotional distress that would support his state claim for intentional infliction of emotional distress).

### E. Damages Hearing

Plaintiff also seeks a hearing to present evidence of her damages, including reasonable expenses and attorney fees. Rule 55(b)(2) permits but does not require the Court to conduct an evidentiary hearing to determine damages. *Vesligaj v. Peterson*, 331 F. App'x. 351, 354–55 (6th Cir. 2009)). In some cases, courts have held an evidentiary hearing to determine the appropriate amount of damages, while in others, courts have found affidavits or declarations submitted in support of the motion for default judgment to be sufficient. *Scott v. Equifax Info. Svcs., LLC*, No. 19-11646, 2020 WL 1672659, *2 (E.D Mich. 2020).

! A court's determination of damages in a default judgment depends on whether the damages are calculable or liquidated. *Boards of trustees of Ohio Laborers' Fringe Benefits*

---

[3] "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, . . . [l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and lead [one] to exclaim, 'Outrageous.'" *Martin v. JBS Techs., LLC*, 443 F. Supp. 2d 962, 969–70 (S.D. Ohio 2006).

*programs v. Freisthler Paving, Inc.*, No. 2:18-cv-1463, 2019 WL 4142682, at *1 (S.D. Ohio Aug. 30, 2019). If the damages are calculable or liquidated, then the court will award the calculable damages to the plaintiff without an evidentiary hearing because the facts establishing the damage are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989) (stating that an evidentiary hearing is not required if the damages are liquidated or can be definitively calculated from evidence and that in such cases the same facts establish the need for liability as well as damages); *Barnes v. Abraham, Inc.*, No. 2:17-CV-279, 2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) (quoting *United States v. Parker-Billingsley*, No. 3:14-CV-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) ("A court may determine damages without holding an evidentiary hearing if the damages are 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'")). If the damages are unliquidated, however, the default judgment establishes only that the defendant is liable, and the plaintiff must prove damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)). Typically, such cases will necessitate the court holding an evidentiary hearing so the court can evaluate the plaintiff's claims for damages, and the defendant can respond to such claims before the court makes its determination. *See Id.* at 110-11 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992)).

Here, Ms. Austin has not submitted an affidavit in support of damages, and her statements in the demand letter are not sufficient for this Court to determine damages. Therefore, Ms. Austin's request for a damages hearing is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, Ms. Austin's Motions for Default Judgment against Defendants are **GRANTED IN PART** and **DENIED IN PART**. The Court hereby **GRANTS** declaratory judgment for Counts One through Twelve and Count Fifteen but **DISMISSES** Counts Fourteen and Sixteen.

Additionally, the Court **GRANTS** Ms. Austin's request for a damages hearing. Accordingly, this case is set for a damages hearing on **Thursday, August 19, 2021 at 10:00 a.m.**, before The Honorable Algenon L. Marbley, United States District Court, 85 Marconi Boulevard, Room 331, Columbus, Ohio 43215. Should circumstances necessitate that the hearing be conducted virtually, the Court will notify Ms. Austin and her counsel as soon as possible.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: July 6, 2021**